UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STUART DIZAK,

                        Plaintiff,

    -against-                                        9:15-CV-1171 (LEK/TWD)

B. HAWKS, *et al*.,

                        Defendants.

## DECISION AND ORDER

### I. INTRODUCTION

Presently before the Court is pro se Plaintiff Stuart Dizak's motion for preliminary injunctive relief. Dkt. No. 38 ("PI Motion"). Defendants oppose Plaintiff's PI Motion. Dkt. No. 39 ("Response"). Plaintiff has also renewed his prior Motion for Appointment of Counsel. Dkt. No. 41 ("Counsel Motion"). For the reasons that follow, Plaintiff's motions are denied.[1]

### II. BACKGROUND

On October 1, 2015, Plaintiff commenced this action seeking relief for an alleged violation of his constitutional rights during his confinement at Greene Correctional Facility ("Greene C.F."). See generally Dkt. No. 1 ("Complaint"). At the time that he commenced the action, Plaintiff was incarcerated at Riverview Correctional Facility ("Riverview C.F."). Id. at 2. In January 2016, Plaintiff filed an Amended Complaint. Dkt. No. 18.[2] In a Decision and Order

---

[1] In ruling on these Motions, the Court has also considered Plaintiff's submissions filed in support of his PI Motion and Counsel Motion. Dkt. Nos. 43 ("Reply"), 50 ("August Letter").

[2] The original amended complaint (Dkt. No. 11) was unsigned. Plaintiff was directed to execute a certificate verifying that his signature on the certificate shall serve as an original signature on his Amended Complaint. Dkt. No. 15 at 13 ("February Order").

filed February 17, 2016, after a review of the Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the following claims survived sua sponte review and required a response: (1) Eighth Amendment excessive force claims against Defendants B. Hawks, D. Lavallee, and D. Rogers; (2) failure-to-intervene claims against Rogers; and (3) retaliation claims against Hawks. Feb. Order at 7, 12. On June 10, 2016, Defendants filed an Answer to the Amended Complaint. Dkt. No. 36.

On June 30, 2016, Plaintiff filed the PI Motion. PI Mot. In the PI Motion, Plaintiff asserts claims related to his confinement at Riverview C.F. Plaintiff alleges that his personal property, including hearing aids and eyeglasses, was confiscated. Id. at 1, 3, 5. Plaintiff also contends that he was denied access to the law library, his legal mail was read, and unidentified corrections officers harassed and threatened him. Id.; Reply at 1. Plaintiff's submissions also contain allegations related to a false misbehavior report issued and a subsequent disciplinary hearing in June 2016 that were retaliatory in nature. Counsel Mot. Plaintiff sought a transfer out of Riverview C.F. Plaintiff also seeks an injunction "to stop" the harassment, intimidation, and retaliation. PI Mot. at 1, 4; Counsel Mot. at 2; Aug. Letter at 1.

In response, Defendants maintain that Plaintiff has failed to sufficiently allege that he will suffer any serious, irreparable harm if the requested relief is denied. Resp. at 2. Defendants also claim that Plaintiff has not demonstrated "a substantial likelihood of success on the merits" because the underlying lawsuit involves claims of excessive force, retaliation, and failure to protect against officers at Greene C.F. Id. at 3. Defendants assert that Plaintiff has failed to allege any connection between the incidents in the Complaint and his application for a preliminary injunction. Id.

On July 27, 2016, Plaintiff filed a Notice of Change of Address indicating that he is presently confined at Gouverneur Correctional Facility. Dkt. No. 42.

## III. MOTION FOR PRELIMINARY INJUNCTION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit. See Citigroup Global Mkts, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate (1) irreparable harm and (2) either (a) a substantial likelihood of success on the merits of the underlying claim, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Id. at 35; accord Cacchillo v. Insmed, Inc., 638 F.3d 401, 405–06 (2d Cir. 2011). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding some positive act," the burden is even higher. Citigroup, 598 F.3d at 35; see also Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" Citigroup, 598 F.3d at 35 n.4 (quoting Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 34–35 (2d Cir. 1995)). Additionally, "[t]he district court has wide discretion in determining whether to grant a preliminary injunction." Moore, 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish

3

a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Levesque v. Clinton County, No. 10-CV-787, 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (quoting McKinnon v. Tresman, No. 02-CV-2305, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004)); see also Allen v. Brown, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying a request for injunctive relief where allegations in the application for such relief were unrelated to the claims asserted in the complaint, and thus plaintiff "failed to establish . . . a likelihood of succeeding on the merits of his underlying claim").

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. Jolly, 76 F.3d at 482. "However, the moving party must establish that without the preliminary injunction, he will suffer 'an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Amaker v. Fischer, No. 10-CV-977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012) (quoting Murray v. New York, 604 F. Supp. 2d 581, 584 (W.D.N.Y. 2009)). Conclusory assertions lacking supporting evidence will not support a preliminary injunction. See Hancock v. Essential Res., Inc., 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). "Preliminary injunction requests are 'frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65.'" Crichlow v. Fischer, No. 12-CV-7774, 2015 WL 678725, at *8 (S.D.N.Y. Feb. 17, 2015) (alteration in original) (quoting Malki v. Kayes, No. 11-CV-5909, 2012 WL 32611, at *8 (E.D.N.Y. Jan. 5, 2012)). Here, the injunction sought is mandatory, and thus the Court will use the heightened standard applicable to requests for mandatory preliminary

injunctions.

**A. Request for Relief Related to Riverview C.F.**

As discussed above, Defendants herein are Hawks, Rogers, and Lavallee. Despite this, and construing Plaintiff's motion liberally, Plaintiff seeks relief against unidentified corrections officers at Riverview C.F., who have allegedly harassed and threatened him. PI Mot. at 1, 3, 5.

The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit. See Fed. R. Civ. P. 65(d); see also Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999) ("Subject to exceptions, a court's in personam order can bind only persons who have placed themselves or been brought within the court's power."). To the extent that Plaintiff seeks injunctive relief against persons who are not parties to this action, the Court lacks personal jurisdiction to enjoin their actions. See Stewart v. INS, 762 F.2d 193, 198 (2d Cir. 1985) (holding that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); see also In re Rationis Entm't Inc. of Pan., 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); Williams v. State Univ. of N.Y., 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) (denying plaintiff's attempt "to obtain a temporary restraining order . . . without giving notice to the defendants"). Moreover, Plaintiff's transfer out of Riverview C.F. renders his request for injunctive relief against the unnamed Defendants moot. See, e.g., Thompson v. Carter, 284 F.3d 411, 415 (2d Cir. 2002) ("A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility.").

**B. Request for Relief Related to Personal Property**

Construing Plaintiff's submissions liberally, Plaintiff claims that without his eyeglasses and hearing aids, he will suffer irreparable harm. Reply at 4. This claim is wholly unrelated to his Eighth Amendment claims against Hawks, Rogers, and Lavallee related to excessive force, and it has no connection to his retaliation claims against Hawks. Thus, Plaintiff cannot establish a likelihood of success on the merits of his underlying claim, and Plaintiff's request for relief is denied. See Mitchell v. New York State Dep't of Corr. Servs., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying plaintiff's request for preliminary injunctive relief because "the facts underlying the request for injunctive relief [were] essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context").

Upon review, Plaintiff's PI Motion must be denied because Plaintiff has failed to substantiate any allegations of irreparable harm with admissible evidence. Moreover, he has not provided admissible evidence demonstrating either a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. See Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); Hancock, 792 F. Supp. at 928 ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Accordingly, Plaintiff's PI Motion is denied.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves, for the second time, for the appointment of counsel. Counsel Mot. Plaintiff claims that his "mental health" is declining, he is depressed, and he has "only a few hours a day of clarity." Id. at 1. Plaintiff unsuccessfully attempted to contact the Legal Aid

Society of Northeastern New York. Aug. Letter at 1.

On December 10, 2015, the Court issued an Order denying Plaintiff's previous motion for the appointment of counsel, with leave to renew, because Defendants had not been served with the Complaint and the Court was unable to conclude that Plaintiff's position was "likely to be of substance." Dkt. No. 7 at 21 ("December Order"); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) ("In deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance.") The Court also determined that the case did not present complex issues, the Plaintiff was able to litigate the action, and, if the case survived dispositive motions, the Court would likely "appoint trial counsel at the final pretrial conference." Dec. Order at 21. Finally, the Court was unaware of any "special reasons" why counsel was necessary at that time. Id. at 21–22.

The Court has reviewed Plaintiff's Counsel Motion, taking into account the factors outlined in the December Order, and finds no change of circumstances that would warrant appointment of pro bono counsel for Plaintiff at this time. Plaintiff's physical and mental impairments have not prevented him from filing motions. See Candelaria v. Geifinger, No. 96-CV-17, 1998 WL 312375, at *2 (N.D.N.Y. June 8, 1998) (denying motion to appoint counsel because plaintiff's health did not prevent him from effectively litigating the action). Plaintiff's second request for counsel is also not accompanied by documentation demonstrating an inability to obtain counsel from the private sector. See Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (refusing to review the district court's failure to appoint counsel for defendant because defendant did not "contest the district court's finding that he had the financial ability to hire counsel"); Cooper v. Sargenti Co., 877 F.2d 170, 173 (2d Cir. 1989) (emphasizing

7

the importance of "the ability of the claimant to obtain a lawyer otherwise than through pro bono appointment" to evaluating requests for appointment of counsel). Moreover, even if the Court were to assume that Plaintiff's claims are likely to be of substance, the relevant factors, as discussed in the December Order, weigh against the granting of Plaintiff's Counsel Motion. At this juncture, it appears that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions. See Marino v. Koenigsmann, No. 12-CV-1170, 2014 WL 1239514, at *1 (N.D.N.Y. Mar. 25, 2014). Moreover, it is highly probable that the Court will appoint trial counsel at the final pretrial conference, and the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. See Terminate Control Corp., 28 F.3d at 1341; Hodge, 802 F.2d at 61–62. For all of these reasons, Plaintiff's Counsel Motion is denied without prejudice.

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Injunctive Relief (Dkt. No. 38) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 41) is **DENIED** with leave to renew; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	September 08, 2016
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge