UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

STUART DIZAK,

                Plaintiff,

-against-                              9:15-CV-1171 (LEK/TWD)

B. HAWKS, *et al.*,

                Defendants.

## <u>DECISION AND ORDER</u>

**I.**      **INTRODUCTION**

      This matter comes before the Court following a Report-Recommendation filed on January 9, 2018, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 151 ("Report-Recommendation"). Defendants and pro se plaintiff Stuart Dizak timely filed objections. Dkt. Nos. 154 ("Defendants' Objections"); 159 ("Plaintiff's Objections").

**II.**     **LEGAL STANDARD**

      Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471

(2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III.   DISCUSSION

Defendants object to Judge Dancks's application of Local Rule 7.1(a)(3), which governs summary judgment motions in this District. Specifically, Defendants claim that Judge Dancks "incorrectly extrapolated facts beyond the record provided" and improperly "excuse[d] [P]laintiff from his failure to comply with L.R. 7.1(a)(3)." Defs.' Objs. at 1. The Court rejects both claims, which are not supported by the relevant caselaw or Judge Dancks's detailed and reasoned Report-Recommendation.

Defendants do not identify any *specific* facts that Judge Dancks allegedly extrapolated incorrectly. Instead, they seem to argue that Judge Dancks's review of the record in its entirety, rather than the parties' statements of material facts in isolation, constituted an abuse of discretion. Id. at 2. The Second Circuit has clearly rejected this argument. "A district court has broad discretion to determine whether to overlook a party's failure to comply with the local court rules," and "may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file [] a [7.1] statement." Holtz v. Rockefeller, 258 F.3d 62, 73 (2d

Cir. 2001) (quoting Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 292 (2d Cir. 2000)), abrogated on other grounds by Gross v. FBL Fin. Servs., 557 U.S. 167 (2009). Here, where Plaintiff was consistently involved in the litigation and merely failed to respond to a few statements in Defendants' Rule 7.1 submission, Judge Dancks appropriately exercised her discretion in deciding to review the record in its entirety.

In addition, when deciding a motion for summary judgment, the court "*must* . . . assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d. Cir. 2004) (emphasis added); see also Johnson v. Lew, No. 13-CV-1072, 2017 WL 3822047, at *2 n.4 (N.D.N.Y. Aug. 30, 2017) ("[A]s in every case, the Court reviews Defendant's record citations to determine whether they support the facts asserted in his Rule 7.1 Statement." (citing Vermont Teddy Bear, 373 F.3d at 244)). Judge Dancks followed these directions admirably and reviewed the extensive record with diligence. Absent any specific objection from Defendants regarding Judge Dancks's factual findings or legal conclusions, the Court has reviewed the Report-Recommendation for clear error and has found none.[1]

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 151) is **APPROVED and ADOPTED in its entirety**; and it is further

---

[1] Plaintiff's submission in response to the Report-Recommendation did not object to any of Judge Dancks's specific factual findings or legal conclusions. Rather, he continues to object to Defendants' factual submissions. Pl.'s Objs. at 2–3.

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 111) is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Plaintiff's § 1983 excessive force claim against defendants Lavallee and Rogers. The Motion is otherwise **DENIED**; and it is further

**ORDERED**, that the Clerk shall terminate Lavallee as a defendant in this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 20, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge