**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STUART DIZAK,**

                    **Plaintiff,**

          **v.**                                              **9:15-CV-1171**

**B. HAWKS, and D. ROGERS,**

                    **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                          **DECISION and ORDER**

**I.    INTRODUCTION**

          On January 13, 2020, the Court issued a Decision and Order denying Plaintiff's

motion for a new trial and granting, in part, Defendants' application for a bill of costs. *See*

Dkt. No. 266.  Thereafter, Plaintiff filed a letter-motion in which he requests

reconsideration of the January 13, 2020 Decision and Order, as well as appointment of

counsel. Dkt.  No. 267.   Plaintiff filed two (2) supplements to that motion, *see* Dkt. Nos.

268, 269, and Defendants opposed the motion to the extent it sought reconsideration. *See*

Dkt. No. 270.  Plaintiff then filed a Reply, Dkt. No. 271, and several supplements to the

Reply.  *See* Dkt. Nos. 273, 274, 275, 276.   For the reasons that follow, Plaintiff's motion is

denied.

**II.    BACKGROUND**

          The Court presumes familiarity with the procedural background of this case as well

                                          1

as with the Court's January 13, 2020 Decision and Order.

## III.   DISCUSSION

### a.  Appointment of Counsel

Plaintiff moves for appointment of counsel.  Dkt. No. 267, p. 1.   "In non-criminal cases federal courts have the authority to appoint counsel, but generally they are not required to do so.  The determination of whether appointment of counsel is necessary rests with the discretion of the court."  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)(citations omitted); *see also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir.1994)("There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters, unlike most criminal cases.").  It is important to realize that "'[v]olunteer lawyer time is a precious commodity' that 'should not be allocated arbitrarily.'" *Simcoe v. Gray*, No. 10-CV-6531, 2012 WL 1044505, at *5 (W.D.N.Y. Mar. 28, 2012)(quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989)).  In determining whether to appoint counsel, the Court considers the factors set forth by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir.1986).[1]

Consideration of the *Hodge* factors does not weigh in favor of appointment of counsel for purposes of the reconsideration motion.  While Plaintiff asserts that he is currently residing in a veteran's home without access to "law library clerks," and is being treated for "an advancing stage of dementia," Dkt. No. 267, the issues on the motion for

---

[1]These factors include: (1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross-examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex. *Hodge*, 802 F.2d at 60–61.

reconsideration are not novel or complex.  In addition, Plaintiff asserts that he has been assisted by an attorney who "wishes to remain anonymous." *Id*.  Further, as evidenced by Plaintiff's pro se motion for a new trial, his pro se opposition to Defendants' application to tax costs, and his multiple pro se submissions relative to the instant motion, Plaintiff has demonstrated his capability to grasp the pertinent legal and factual issues, and present cogent arguments related thereto.  Plaintiff has also demonstrated his ability to marshal evidence in his favor, as indicated by his submission of documents from his disciplinary, medical and NYS Parole Board files, *see* Dkt. Nos. 267, 269-1, 274, 275, a portion of a letter from Rabbi Shmuel Spritzer supporting Plaintiff's challenge to his trial counsel's decision to call Rabbi Susan Gulack as a witness, *see* Dkt. Nos. 268 at p. 2; 275 at p. 6 (both contain the same partial letter), and an August 20, 2020 polygraph test submitted in support of his challenge to his state criminal conviction.  *See* Dkt. No. 276.   Thus, it appears that Plaintiff has been able to effectively litigate this action since trial when the assignment of his pro bono counsel ended.  Finally, for reasons discussed below, Plaintiff's motion for reconsideration does not have substantial merit.  The Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.  Accordingly, Plaintiff's motion for appointment of counsel is denied.

### a. Motion for Reconsideration

The Court turns to the substantive arguments in Plaintiff's motion for reconsideration.

### 1. Standard of Review

3

Local Rule 7.1(g) governs motions for reconsideration. *See* N.D.N.Y. L.R. 7.1(g) ("Motion for Reconsideration. Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.")(emphasis omitted). "'The standards for motions for reconsideration under local district court rules are very similar to those used for motions to reconsider under Rule 60(b).'" *Cambridge Valley Machining, Inc. v. Hudson MFG LLC*, No. 1:18-CV-1022, 2020 WL 5878444, at *2 (N.D.N.Y. Oct. 2, 2020)(quoting *Tomassini v. FCA US LLC*, No. 3:14-CV-1226 (MAD/DEP), 2018 WL 5842995, at *1 (N.D.N.Y. Nov. 8, 2018) (citation omitted)). When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 41 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Reconsideration may be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)(quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790); *see also Cambridge Valley Machining*, 2020 WL 5878444, at

4

*2)("As under the federal rules, [N.D.N.Y. Local Rule 7.1(g)] recognizes only three circumstances under which '[a] court may justifiably reconsider its previous ruling[:] if[ ] (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.'")(quoting *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995), in turn citing *Doe v. New York City Dep't of Soc. Servs*., 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983)).

## 2. Decision to Call Rabbi Gulack

Plaintiff asks the Court to reconsider its decision on Plaintiff's motion for a new trial because, he contends, his counsel's decision to call Rabbi Susan Gulack as a witness at trial "intentionally subvert[ed] the trial." Dkt. No. 267 at p. 1; *see* Dkt. No. 275, at pp. 4-5 (making the same argument).   Plaintiff's objection on this issue was thoroughly addressed in the Court's January 13, 2020 Decision and Order.  Dkt. No. 266, pp. 7-11.  Specifically, the Court found that pro bono counsel did not breach his duty of representation or deprive Plaintiff of a fair trial by calling Rabbi Gulack as a witness. *Id.*  It is well-established that Plaintiff may not use a motion for reconsideration to re-litigate issues that have already been decided by the Court.  Here, Plaintiff merely reiterates the objection he previously advanced on his motion for a new trial and, therefore, does not present a basis for reconsideration.  Further, neither Plaintiff's motion nor any of his other submissions present any previously unavailable evidence or intervening change in controlling law on this issue that would warrant reconsideration of the Court's prior decision.  While Plaintiff presents a partial letter from Rabbi Spritzer who agrees with Plaintiff's position that Rabbi

Gulack should not have been called as a witness, *see* Dkt. Nos. 268 at p. 2; 275 at p. 6, this is not new evidence but merely a third-party's opinion supporting the argument Plaintiff presented on the motion for a new trial.  This is not a proper basis for reconsideration.  Accordingly, for the reasons discussed above, Plaintiff's motion for reconsideration based on pro bono counsel's decision to call Rabbi Gulack as a trial witness is denied.

### 3. Taxation of Costs

Plaintiff also objects to the taxation of costs against him, alleging that his counsel told him in a letter that "defendants would be responsible for all costs" they incurred in the litigation. Dkt. No. 267 at p. 1.  However, this objection to the taxation of Defendants' costs was thoroughly addressed in the January 13, 2020 Decision and Order.  *See* Dkt. No. 266, pp. 15-19.   The Court found that pro bono counsel's letter to Plaintiff did not state that the Defendants would decline to seek costs against Plaintiff if they prevailed at trial. *Id.* Again, the instant motion merely reiterates an objection previously advanced by Plaintiff in his motion for a new trial.  As indicated above, Plaintiff may not use a motion for reconsideration to re-litigate issues that have already been decided by the Court or to take a second bite at the proverbial apple.  Further, Plaintiff's motion and his supplemental filings do not present any previously unavailable evidence or intervening change in controlling law that would warrant reconsideration of the Court's prior decision on this issue.  Thus, the motion in this regard is denied.

### 4. Challenges to Underlying Conviction & Parole Board Determinations

A large portion of Plaintiff's filings are directed to challenging his underlying New

York State criminal conviction and to New York State Parole Board determinations relative to his incarceration.  However, as the Court stated in the January 13, 2020 Decision and Order, "[t]his case is not the proper forum to litigate a petition for a writ of habeas corpus."  Dkt. No. 266, p. 14.[2]  Plaintiff's current challenges to his underlying New York State criminal conviction and to New York State Parole Board determinations relative to his incarceration are not properly before the Court in this case.  Thus, they do not provide a basis for reconsideration.

### 5.  Other Challenges to Pro Bono Counsel's Performance

In his Reply, Plaintiff asserts that pro bono counsel failed to properly address his injury from the altercation underlying his claims, that is, his onset of dementia purportedly caused by the head injury Plaintiff sustained on the date in issue. *See* Dkt. 271.  As indicated above, a motion for reconsideration is not a vehicle for relitigating old issues or presenting the case under new theories.   To the extent Plaintiff is asserting that this is a basis for a new trial, and putting aside for the moment that Plaintiff cannot raise new issues at this juncture, his argument is without merit.  Even accepting that counsel failed to properly explore Plaintiff's claimed injury, Plaintiff suffered no prejudice by this deficiency because the jury found that neither defendant violated Plaintiff's constitutional rights.  Moreover, as the Court stated in its previous decision, a claim of ineffective assistance of counsel is an insufficient ground for relief in a civil matter. *See* Dkt. 266, pp. 10-11 (citing *Singh v. Home Depot U.S.A., Inc.*, 580 F. App'x 24, 25 (2d Cir. 2014)("[A] lawyer's

---

[2]Further, the Court indicated that "[o]n September 9, 2019, Dizak filed a petition for a writ of habeas corpus challenging his New York State conviction" which "[t]he Hon. Mae A. D'Agostino, U.S. District Judge, transferred . . . to the Western District of New York."   Dkt. No. 266, p. 14, n. 7 (citing *Dizak v. Hennessy*, 9:19-cv-01104 (MAD/DJS), Dkt. Nos. 1, 8).

purported shortcomings present no cognizable ground for relief in a civil matter, where the Sixth Amendment right to counsel does not apply."); *Espaillat v. Cont'l Express, Inc.*, 33 F. App'x 567, 568–69 (2d Cir. 2002)("Ineffective assistance of counsel is not a proper ground for relief in a civil matter.")(citing *United States v. Coven*, 662 F.2d 162, 176 (2d Cir.1981)).  Thus, Plaintiff's motion in this regard is denied.

Plaintiff also argues in a post-Reply addendum that his counsel performed deficiently by failing to address whether the defendants were justified in their use of force because, they asserted, they used necessary force when Plaintiff attempted to flee.  Dkt. No. 275, p. 3.  The Court previously examined this same argument and rejected it as a ground for a new trial.  *See* Dkt. No. 266, pp. 11-12.  Plaintiff presents no new evidence in support of this argument, rather replying on the Misbehavior Report he was issued that did not bring a charge against him for fleeing or escape.  However, this Misbehavior Report was presented at trial and considered by the Court in reaching its decision to deny Plaintiff's motion for a new trial. *See id.*  There, the Court noted that pro bono counsel addressed this issue in both his opening statement and closing argument to the jury, asserting that such an allegation was illogical in the prison setting and unsupported by the evidence.  *Id.*  Further, the Court found that "despite [pro bono counsel's] efforts to challenge the defendants' assertion, the jury was entitled to accept the defendants' contention that Dizak attempted to step away from the correction officers, thereby supporting the Tier III charges of failure to comply with a direct  order and/or refusal of a search/frisk.  Although a matter of semantics, the jury could have concluded that Dizak's conduct in stepping away from the officers amounted to an attempt to flee albeit not an

8

attempt to escape from Greene [Correctional Facility.]" *Id.*   As indicated above, a motion for reconsideration is not a vehicle to relitigate previously decided issues.  Thus, Plaintiff's motion on this ground is denied.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for appointment of counsel and for reconsideration of the Court's January 13, 2020 Decision and Order, Dkt. No. 267, is **DENIED** in all respects.

The Clerk of the Court is directed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: October 27, 2020

Thomas J. McAvoy
Senior, U.S. District Judge